UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: NATIONAL CREDIT UNION ADMINISTRATION
BOARD MORTGAGE-BACKED SECURITIES LITIGATION                MDL No. 2505


ORDER DENYING TRANSFER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendants Credit Suisse Securities (USA) LLC; Credit Suisse First Boston Mortgage Securities Corp.; Barclays Capital Inc.; UBS Securities, LLC; RBS Securities Inc.; RBS Acceptance Inc.; Wachovia Capital Markets, LLC; Morgan Stanley & Co., Inc.; and Morgan Stanley Capital I Inc. move to centralize this litigation in the District of Kansas.[1] This litigation currently consists of five actions pending in the District of Kansas and six actions pending in the Southern District of New York, as listed on Schedule A.[2]

The cases in this litigation were brought by the National Credit Union Administration Board (NCUA) on behalf of four liquidated credit unions against several underwriters and issuers of some 200-plus residential mortgage-backed securities ("RMBS") purchased by the credit unions. NCUA generally alleges that the offering documents for the RMBS certificates at issue contained misstatements concerning: (1) compliance with the underwriting guidelines pursuant to which the underlying mortgage loans were originated; (2) compliance with "reduced documentation" standards; and (3) the disclosed "loan-to-value" ratios. NCUA opposes centralization, and alternatively, if the Panel deems centralization appropriate, suggests that the Southern District of New York be selected as the transferee forum.

On the basis of the papers filed and hearing session held, we conclude that Section 1407 centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. While these actions share some general common factual questions as to several RMBS offerings, they involve different RMBS certificates purchased by different credit unions from different defendants. Defendants' focus on NCUA as the common factor uniting these

---

[*] Judges Paul J. Barbadoro and Lewis A. Kaplan took no part in the decision of this matter.

[1] Defendants J.P. Morgan Securities LLC, J.P. Morgan Acceptance Corporation I, and Bear, Stearns & Co., Inc., were among the proponents of centralization. However, the actions involving these defendants were subsequently dismissed.

[2] The Section 1407 motion initially included five additional actions in the District of Kansas and the Southern District of New York, but these actions were subsequently dismissed. The parties have informed the Panel of three additional potentially-related actions pending in the Central District of California and the Southern District of New York.

-2-

cases is misplaced. The actions pending in the District of Kansas (with the exception of one claim pertaining to one RMBS certificate) are brought by NCUA on behalf of U.S. Central Federal Credit Union, based in Kansas, and Western Corporate Federal Credit Union, based in California. In contrast, the actions pending in the Southern District of New York are brought on behalf of two different credit unions: Members United Corporate Federal Credit Union, based in Illinois; and Southwest Corporate Federal Credit Union, based in Texas. Additionally, there are relatively few RMBS offerings in common between the Kansas and New York actions. The parties generally agree that only around 14 out of some 120 or more RMBS offerings are common among the actions.[3] Accordingly, as between the actions in Kansas and those in New York (and, indeed, as between actions within each district), different representations made to different purchasers of RMBS will be at issue, involving different discovery and motion practice. The proponents of centralization have failed to convince us that any common questions of fact among these actions are sufficiently complex and/or numerous to justify centralization at this time. *See In re Auction Rate Sec. (ARS) Mktg. Litig.*, 581 F. Supp. 2d 1371, 1372-73 (J.P.M.L. 2008) (denying centralization of securities fraud actions arising out of widespread failure in the market for auction rate securities).

The procedural posture of these actions also counsels against centralization. Several of the actions in the District of Kansas and the Central District of California have been pending since 2011 and subject to multiple appeals to the Ninth and Tenth Circuits. Critically, all of the related actions have been coordinated within each district before a single district judge, such that the actions are pending before only three district judges. Thus, alternatives to centralization exist, in particular informal cooperation among the involved attorneys and coordination between the involved courts, that may minimize whatever possibilities there may be of duplicative discovery or inconsistent pretrial rulings. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell        Charles R. Breyer
Sarah S. Vance             Ellen Segal Huvelle

---

[3] The actual number of common offerings may be even smaller as a result of dismissal orders in the various actions.

IN RE: NATIONAL CREDIT UNION ADMINISTRATION                MDL No. 2505
BOARD MORTGAGE-BACKED SECURITIES LITIGATION

## SCHEDULE A

District of Kansas

National Credit Union Administration Board v. RBS Securities, Inc. et al.,
    C.A. No. 2:11-02340
National Credit Union Administration Board v. Wachovia Capital Markets, LLC,
    C.A. No. 2:11-02649
National Credit Union Administration Board v. UBS Securities, LLC, et al.,
    C.A. No. 2:12-02591
National Credit Union Administration Board v. Credit Suisse Securities (USA) LLC
    et al., C.A. No. 2:12-02648
National Credit Union Administration Board v. Morgan Stanley & Co. Inc., et al.,
    C.A. No. 2:13-02418

Southern District of New York

National Credit Union Administration Board v. Morgan Stanley & Co., Inc., et al.,
    C.A. No. 1:13-06705
National Credit Union Administration Board v. Wachovia Capital Markets, LLC,
    C.A. No. 1:13-06719
National Credit Union Administration Board v. RBS Securities, Inc., et al.,
    C.A. No. 1:13-06726
National Credit Union Administration Board v. Barclays Capital, Inc.,
    C.A. No. 1:13-06727
National Credit Union Administration Board v. UBS Securities, LLC,
    C.A. No. 1:13-06731
National Credit Union Administration Board v. Credit Suisse Securities (USA) LLC
    et al., C.A. No. 1:13-06736